# CHARLESTON

## MOORE *v.* OHIO VALLEY GAS CO.

Submitted January 21, 1908.    Decided February 4, 1908.

1. CONTRACTS—*Construction*—*Construction by Parties.*
     Where there is doubt as to the proper meaning of a contract, the construction the parties have put upon it is entitled to great consideration in its enforcement. (p. 458.)

2. EVIDENCE—*Presumption*—*Continuance of Fact or Condition.*
     Things once proved to exist in a particular state are presumed to continue in that state, until the contrary is established by evidence either direct or presumptive. (p. 458.)

3. SAME.
     Where a lease for oil and gas provides that "if gas only is found and the same is marketed off the premises the second party agrees to pay $5 per pound per annum payable semi-annually in advance for each pound registered in one minute on casing at well six months from date of completion," and no test of the pressure is made by the lessee at the time appointed by the lease, but, based on the pressure ascertained at the time of completion of the well, the lessee pays the lessor the first semi-annual installment of rental for the gas shortly after the pressure has been so ascertained, in an action by lessor against lessee for the second installment of rental it will be presumed, until the contrary is shown, that the pressure in the well continues as shown at the completion thereof. (p. 458.)

Error to Circuit Court, Hancock County.

Action by H. B. Moore against the Ohio Valley Gas Company. Judgment for defendant, and plaintiff brings error.

*Reversed. New Trial Awarded.*

E. A. HART, for plaintiff in error.

JOHN R. DONEHOO, for defendant in error.

MILLER, JUDGE:

The plaintiff February 9, 1905, made a lease for oil and gas to C. A. Smith of a tract of one hundred acres in Hancock county, with the usual provisions—among them, that "if gas only is found and the same is marketed off the premises the second party agrees to pay $5 per pound per annum payable semi-annually in advance for each pound registered in one minute on casing at well six months from date of completion." The lease came by assignment to defendant, and a well was completed by it November 23, 1905, in which gas only was found; whereupon, in the presence of the plaintiff, the defendant made a test by applying the gauge, and found the well registered 245 pounds pressure within the time prescribed in the contract. On December 14, 1905, the defendant sent the plaintiff its check for $612.50 as for the first semi-annual installment of rental, the same being at the rate of $5 per pound for 245 pounds, as determined by the gauging of the well. The second semi-annual installment, by the terms of the contract falling due May 23, 1906, not being paid, this action was brought for its recovery. The declaration contained a special count upon the contract, also the common counts in *assumpsit*, and its sufficiency was not challenged below and is not here.

On the trial the plaintiff, after introducing the lease, proved by his own testimony what had been done by the defendant under it, as already stated; that, so far as he knew or had notice, no gauge of the well had been taken by defendant at the end of the six months from the date of its completion, as provided by the lease; that the well, after being completed and gauged, had been shut in until December 14, 1905, when it was turned into the gas line of the defendant, and the defendant then sent him the check for the first semi-annual installment of rental; and that the gas was still being piped away by defendant from the well, without payment or tender of the second installment of rental. On cross-examination of the plaintiff, his testimony tended to show that about June 15, 1905, he was requested by one Gregory to go to the well, as he desired to make a test, but, it being

some three weeks or more after the time for making the test, he did not go. The defendant offered no evidence; but, when the plaintiff rested, the court upon its motion excluded his evidence and directed a verdict for defendant, and, the motion of the plaintiff to set aside the verdict and for a new trial being overruled, judgment was pronounced that the plaintiff take nothing and that the defendant go hence without day. Proper bills of exceptions preserved saved to the plaintiff his points of objection to the various rulings of the court on said motion.

These rulings of the court appear to have been based on the assumption of a variance between *allegata* and *probata* so fatal that a verdict could not stand upon it. In this we think the court was clearly in error. It is quite true that upon the pleadings the burden rested on the plaintiff to show *prima facie* the facts entitling him to recover. But it is argued here, in support of the rulings of the court, that, because no test of the well was made by the defendant six months from date of completion, the defendant, on whom alone under the contract that duty, as well as to make payment of the rental for the gas, was clearly devolved, may nevertheless continue in possession of the lease and to take the gas, and that the plaintiff, for his misfortune in making such a self-destroying contract, is left wholly without evidence to establish his rights, or other means of redress. We cannot concur that he is reduced to this state of helplessness. In the beginning when gas was found, the lease providing for payment of rental in advance based on a test of pressure six months after completion of the well, the parties, in the practical execution of the contract, determined to settle for the rental based on the test of the well by the lessee at the completion thereof. It does not appear, it is true, that the parties then waived any right either had under the contract to a subsequent test of the well. But, the defendant having settled for the first advance installment, based on the first and only test made by it within the time provided by the lease, may we not conclude therefrom that it was satisfied with the original test and to base its future payments thereon? Certainly we cannot conclude that the defendant expected to continue taking the gas without paying the rental. Nor can we accede to the suggestion of counsel that the defendant could bind the plaintiff by

some test made subsequent to the time provided by the contract; and we do not in fact know from the record that any such subsequent test was ever in fact made.

It is a rule of law somewhat applicable that, although when the meaning of an instrument is clear and unambiguous (as defendant's counsel argue is the case here) an erroneous construction of it by its parties will not control its effect, yet, when there is doubt as to the proper meaning of it, the construction the parties have put upon it is entitled to great consideration.  *Knick* v. *Knick*, 75 Va. 12; *Bank* v. *McVeigh*, 32 Grat. 531; *Railroad Co.* v. *Trimble*, 10 Wall. 367; *Camp* v. *Wilson*, 97 Va. 265. But says the court in the case last cited: "What construction has been so placed is a question of fact, and, in an action at law, is to be determined by a jury." To the same effect are our own cases. *Gibney* v. *Fitzsimmons*, 45 W. Va. 334; *Camden* v. *McCoy*, 48 W. Va. 377; *Clark* v. *Sayer*, 55 W. Va. 512.

But, conceding that the contract presents no question of ambiguity and that the rule of construction just alluded to is without application, we are of opinion that the evidence of the plaintiff in an appreciable degree tended to establish a *prima facie* case, and a right of recovery, based on the pressure at the end of six months from date of completion of the well, not justifying the action of the court in excluding it from consideration of the jury. A well recognized rule of presumptive evidence, applicable we think to this case, is that things once proved to exist in a particular state are presumed to continue in that state, until the contrary is established by evidence either direct or presumptive. Lawson on Presump. Ev., 214; 1 Elliott on Ev., section 109; 16 Cyc. 1052; *Berrenberg* v. *Boston*, 50 Am. Rep. 296, and note; *State* v. *Goodrich*, 14 W. Va. 834; *State* v. *Dodds*, 54 W. Va. 296. But in *Donahue* v. *Coleman*, 49 Conn. 464, it is said: "It is a general rule that a personal relation or an existing state of things, when once established by proof, is presumed to continue till the contrary appears; but the presumption is merely one of fact, and its effect depends upon the extent to which the quality of permanency enters into the nature of the matter in question. For this reason such presumption must in some cases be confined to a limited period." We may take judicial notice of the fact that the pressure of

gas in a well at first shown will in time decline; but, for a reasonable time thereafter, the rebuttable presumption of fact that the presure continues unchanged will remain until overcome by evidence.

For these reasons, we are of opinion the plaintiff was entitled to have his evidence submitted to the jury, and to reverse the judgment, set aside the verdict and award him a new trial.

<div align="center">

*Reversed.   New Trial Awarded.*