(March 3, 1908.)

## G. W. SHURTLIFF, Respondent, v. THE EXTENSION DITCH CO., Appellant.

[94 Pac. 574.]

BILL OF EXCEPTIONS—MOTION TO STRIKE—DOCUMENTS REFERRED TO IN BILL—MADE PART OF BILL BY REFERENCE—IDENTIFICATION OF DOCUMENTS—SUFFICIENCY OF FINDING OF FACTS—CONCLUSION OF LAW—COMPLAINT—AMENDED COMPLAINT—ADMISSION OF COMPLAINT IN EVIDENCE—HOW CONSIDERED.

1. Where a bill of exceptions is prepared, which makes the original complaint and the demurrer thereto parts of said bill by reference, it is not necessary that such complaint and demurrer be copied in the bill before the same is settled.

2. When a written document is sought to be made a part of a bill of exceptions by reference, and not by copy, it must be so described by its date, amount, parties or other identifying features that the transcribing official or person can readily and with certainty determine from the description itself what document is referred to.

3. *Pence v. Lemp*, 4 Ida. 526, 43 Pac. 75, and *Hattabaugh v. Vollmer*, 5 Ida. 23, 46 Pac. 831, cited and distinguished.

4. *Held*, that the finding of facts and conclusion of law are sufficient to support the judgment.

5. A finding of fact which finds that the damages sought to be recovered accrued within the period covered by the statute of limitations immediately prior to the commencement of the action, when such statute is made a defense, is a sufficient finding on such defense and negatives it.

6. When an amended complaint is filed which supersedes the complaint, it is error for the court to reject the complaint when it is offered in evidence to show that some statements or allegations in it contradict the allegations made in the amended complaint. This error, however, is cured by oral evidence of the same facts desired to be shown by the complaint.

(Syllabus by the court.)

APPEAL from the District Court of Seventh Judicial District for Washington County. Hon. Frank J. Smith, Judge.

Action to recover damages for the permanent destruction of thirty acres of real estate. Judgment for plaintiff. *Affirmed.*

Richards & Haga, for Appellant.

A finding of fact should state the ultimate facts found with the same certainty and definiteness as would be required in a pleading. (*Van Riper v. Baker,* 44 Iowa, 450; *Fanning v. Murphy,* 126 Wis. 538, 110 Am. St. Rep. 946, 105 N. W. 1056, 4 L. R. A., N. S., 666.)

Findings of fact and conclusions of law must be separately stated, signed and filed. (Secs. 4406, 4407, Rev. Stat.; *Cal. Iron Constr. Co. v. Bradbury,* 138 Cal. 328, 71 Pac. 346; *Musselman v. Musselman,* 140 Cal. 197, 73 Pac. 824.)

An original complaint, superseded by an amended complaint, is admissible in evidence as an admission made by the plaintiff. (2 Wigmore Ev., sec. 1067; 1 Elliott on Ev., sec. 236; *Bloomingdale v. DuRell,* 1 Ida. 33; *Pence v. Sweeney,* 3 Ida. 181, 28 Pac. 413; 1 Jones on Ev., sec. 275; *In re O'Connor's Estate,* 118 Cal. 69, 50 Pac. 5; *Sayre v. Mahoney,* 35 Or. 141, 56 Pac. 526; 1 Am. & Eng. Enc. L. 719; *Killpatrick etc. Co. v. Box,* 13 Utah, 494, 45 Pac. 629; *Lane Imp. Co. v. Lowder,* 11 Okl. 61, 65 Pac. 926.)

A. A. Fraser, for Respondent.

The finding need not be directly and pointedly made that each of the several allegations of the complaint or answer is not true. But if the court finds such facts as will be sufficient to necessarily determine every material issue in the cause, the requirement of the law will, in that respect, be satisfied. (*Tage v. Alberts,* 2 Ida. 271 (249), 13 Pac. 19; *Schroeder v. Jahns,* 27 Cal. 281; *Malone v. Del Norte Co.,* 77 Cal. 217, 19 Pac. 422; *Roberts v. Haley,* 65 Cal. 402, 4 Pac. 385; *McCortney v. Fortune,* 57 Cal. 617.)

"If a complaint sets forth two or more grounds for relief, either of which is sufficient to support a judgment in favor of plaintiff, a finding upon one of the issues thus made is sufficient, and a failure to find upon the other does not constitute a mistrial, or render the decision against the law." (Spelling on New Trial and App. Prac., sec. 594.)

"It is not error to fail to make a finding upon defendant's case, when an affirmative finding in the plaintiff's case is wholly inconsistent with the truth of the case set up by defendant." (*Snelgrove v. Earl,* 17 Utah, 321, 53 Pac. 1017; *Fox v. Haarstick,* 156 U. S. 674-679, 15 Sup. Ct. 457, 39 L. ed. 576; *Haarstick v. Fox,* 9 Utah, 110-123, 33 Pac. 251; *Brison v. Brison,* 90 Cal. 323, 27 Pac. 186; *Maxfield v. West,* 6 Utah, 327, 23 Pac. 754; *Spencer v. Van Cott,* 2 Utah, 337; *Maynard v. Locomotive etc. Assn.,* 16 Utah, 145, 67 Am. St. Rep. 602, 51 Pac. 259; *Kisling v. Shaw,* 33 Cal. 425, 91 Am. Dec. 644; *Malone v. Del Norte Co.,* 77 Cal. 217, 19 Pac. 422; *Diefendorff v. Hopkins,* 95 Cal. 343, 28 Pac. 265, 30 Pac. 549; *Himmelman v. Henry,* 84 Cal. 104, 23 Pac. 1098.)

SULLIVAN, J.—This is an action to recover damages alleged to have been sustained by the permanent destruction of about thirty acres of the respondent's land by water from a waste-ditch alleged to be owned by the appellant. The action was tried by the court without a jury and judgment was rendered in favor of the respondent for $453.50. The appeal is from the judgment.

Respondent moves to strike from the transcript the bill of exceptions for the reason that it is not complete; that it is a skeleton bill of exceptions and was not signed by the trial judge after it was engrossed; that said bill of exceptions has inserted therein the documents entitled "Defendant's Exhibits 3 and 4," which documents were not incorporated in the bill of exceptions filed in the trial court and are not incorporated in the original bill of exceptions as signed by the trial judge.

In support of said motion, it is contended that the original bill of exceptions as settled by the judge did not contain said exhibits 3 and 4; that this court has no means of knowing that said exhibits are true and correct copies of the originals. It appears that the action was tried on an amended complaint and during the trial the defendant offered in evidence the original complaint which was marked "Defendant's Exhibit 3." And it further appears that defendant demurred to the

original complaint, which demurrer was also offered in evidence on the trial and identified and marked as "Defendant's Exhibit 4," and on the trial the court refused to admit said exhibits. In the bill of exceptions settled by the court, those two exhibits were not inserted, but in the bill it was stated that said complaint and demurrer were offered in evidence, and under objection the court refused to admit them, and the places in said bill where said exhibits were to be inserted were indicated in the bill as settled and allowed. Said exhibits were fully identified in the bill of exceptions just preceding where they were to be inserted. It appears to us that the identification of said exhibits is so certain and complete as to admit of no question as to the identity of the particular papers to be inserted, which papers were a part of the files of this case.

We recognize the rule that no part of the contents of the bill of exceptions should rest upon the discretion of the clerk or on the recollection of the judge or counsel, but every part of it must be made specific and certain. Then the question arises under our practice, in order to insure the required certainty, is it essential that everything be written out in full in the statement or bill of exceptions? Must every document or paper filed in the case desired to be contained in such bill be copied into the bill before the judge's signature settling the same is attached thereto? We concede that the judge settling the bill might require that to be done and refuse to settle the bill until it is done. In discussing this question, the supreme court of Kansas in *Atchison & N. R. R. Co. v. Wagner*, 19 Kan. 335, said:

"But to insure this certainty, is it essential that everything be written out in full, every document and writing copied into the bill before signature? Such appears to be the import of some of the authorities cited; but that seems to us unnecessary stringency, and to impose needless clerical labor. Where a deposition or other writing is to be made a part of a bill, it can be referred to with such marks of identification as to exclude all doubt. That surely ought to be sufficient; and so we think the better authorities hold."

In the case at bar, the complaint and demurrer referred to were so identified as to exclude all doubt of what papers were referred to. (See *Garrett v. Chamberlain,* 94 Ill. 588.) The supreme court of Kentucky in *Garrott v. Ratliff,* 83 Ky. 384, in discussing this question and also the question of mistakes in the papers so referred to in a bill of exceptions, said:

"This was the proper way of making out the bill, and when counsel attempts to show a failure of the clerk to identify the instructions when making up the record, they must come with an affidavit showing that the instructions found in the bill were not those given or refused. (*Meaux v. Meaux,* 81 Ky. 475.)"

In *Alabama etc. R. R. Co. v. Dobbs,* 101 Ala. 219, 12 South. 770, the court said:

"We settled the principle in the beginning, and have not departed from it since, that, 'when a document is sought to be made a part of the bill of exceptions by reference, and not by copy, it must be so described by its date, amount, parties or other identifying features, that the transcribing officer can, unaided by memory, readily and with certainty determine, from the description itself, what document or paper is referred to, without room for mistake.'"

In the case at bar there is no contention that the exhibits inserted were not the proper and correct exhibits. In *Sprott v. New Orleans Ins. Assn.,* 53 Ark. 215, 13 S. W. 799, the court said:

"If there is no denial of their identity, instructions numbered and indorsed, 'Instructions for plaintiff,' and left in the custody of the clerk, are sufficiently identified by direction in the skeleton bill of exceptions for the clerk to copy 'plaintiff's instructions.'"

The cases of *Pence v. Lemp,* 4 Ida. 526, 43 Pac. 75, and *Hattabaugh v. Vollmer,* 5 Ida. 23, 46 Pac. 831, are not in point in this case. In the Pence-Lemp case, there were thirty-seven pages of proposed amendments to the statement which had not been engrossed in the statement and were entirely disconnected from what purported to be the statement on motion for a new trial. In the Hattabaugh-Vollmer case, the

court held that when amendments were offered and allowed to a proposed statement, such statement as amended must be engrossed before the court will consider it. Neither of those cases are in point here. A statement to which thirty-seven pages of amendments have been offered and not thereafter engrossed is very different from a statement or bill of exceptions that is complete and in proper order, except as to inserting certain papers that have been expressly and clearly identified and marked as "exhibits" on the trial of the case and directed to be inserted in such statement or bill. The motion is denied.

It appears from the record that this action was commenced by filing the complaint on December 18, 1905; that thereafter a demurrer to said complaint was filed based on several different grounds as to the sufficiency of the complaint, its uncertainty, and that it did not appear from the allegations of said complaint that the damages alleged had accrued within three years immediately prior to the commencement of the action, which demurrer was sustained, and thereafter respondent filed an amended complaint. The only difference between the amended complaint and the original complaint was that in the original complaint it was alleged that the damages had accrued within the five years immediately preceding the commencement of the action, and in the amended complaint it was alleged that the damages accrued between December 20, 1902, and the time of commencing this action. It appears that the court sustained the demurrer to the original complaint on the ground that such damages as were involved in this case must have accrued within three years prior to the commencement of the action, or the action will be barred by the statute of limitations, and it appears that the amended complaint alleged that the damages accrued within three years of the time of the commencement of the action.

The answer to the amended complaint put in issue all of the material allegations thereof, except the incorporation of the appellant and the ownership of the main canal, and it was averred that the damages, if any, had been sustained long

prior to the period covered by the action, and that the waste-ditch referred to had been managed, operated and used to the same extent and in the same manner during the ten years immediately preceding the commencement of the action as it had during the three years immediately preceding the commencement of the action, and that the land claimed by the respondent to have been damaged had been in the same condition during the three years that it had during the ten years referred to.

Four affirmative defenses were set out in the answer, raising the question that the action was barred by the statute of limitations.

It is alleged in the amended complaint that about thirty acres of said land was "permanently" destroyed by the water escaping from said waste-ditch thereon. This allegation was denied and appellant averred in its answer that not to exceed fourteen and four-tenths acres of said land had been flooded by said waters.

Upon the issues thus made, the cause was tried by the court without a jury, and judgment was entered in favor of the plaintiff for $453.50 as the damages sustained by him.

The errors assigned are based, first, on the ground that the court failed to find upon all of the material issues raised by the pleadings, and, second, that it erred in rejecting the original complaint in the action and a demurrer thereto when offered in evidence on the trial by the defendant.

In order to determine the first specification of error, we must first determine the material issues in the case raised by the pleadings. This is an action at law to recover damages alleged to have been sustained by reason of the negligent construction of a waste-ditch alleged to belong to the appellant, and by reason of water escaping from said waste-ditch over and upon the land of the respondent in damaging quantities, which resulted in forming ponds or lakes on said land, and it is alleged that it filtered and seeped through, down, into, under and upon the said land of the plaintiff, and made the same wet and swampy and caused alkali and other bases to arise and appear in damaging quantities upon the surface

of said land, and caused tules and other noxious weeds to grow upon said land, "thereby and by reason of any and all of which the said thirty acres of plaintiff's land have been and are rendered incapable of cultivation, and their use and profit to plaintiff permanently destroyed to his damage in the sum of $2,500."

It is first contended that the court neglected entirely to find upon any of the affirmative defenses set out in the answer. In substance, the court found as follows: That the defendant operated and owned the drain ditch mentioned in the complaint, and that during the three years "last past" large and dangerous quantities of surface water drained into defendant's main canal, and that defendant owned and operated the waste-gate mentioned in the complaint, and that it had been its uniform custom and practice during the snow and rainy season, preceding the commencement of the action, to leave said waste-gate open in such a manner that all of the surface water running into said canal above said waste-gate would and did flow out through said waste-gate into said waste-ditch; that in the fall of 1898 the defendant attempted to and did partially construct said waste-ditch from said waste-gate for the purpose of carrying the waste water to Snake river, and that said waste-ditch was constructed by defendant in a careless, negligent and unworkmanlike manner, and always has been and now is wholly insufficient in size and carrying capacity to convey the waste and surface water which flows from said canal through said waste-gate; that the water flowing in said waste-ditch flowed out and over the banks thereof and backed up, over and upon the said land of plaintiff; and further found in the language of the third paragraph of the amended complaint, as follows:

"That on frequent and divers times during the snow and rain seasons, from December 20, 1902, the defendant has negligently, carelessly and wrongfully opened the said waste-gate and permitted large and dangerous quantities of flood water running in the said canal to escape therefrom into the said waste-ditch, which water was carried through said waste-ditch, so carelessly and negligently constructed by defendant

as aforesaid, and said water discharged from said waste-ditch over and upon the said land of plaintiff; that on frequent and divers occasions during each and every year from December 20, 1902, and during the irrigating season of each and every of the said years, the defendant has carelessly, negligently and wrongfully opened the said waste-gate and permitted and allowed large and dangerous quantities of water running in said canal to escape therefrom into the said waste-ditch, which water was carried through said waste-ditch, and was discharged over and upon and flowed over and upon the said land of plaintiff to his great damage and injury.''

And by the fourth finding of fact, the court found that the plaintiff was the owner of the land described in the complaint, and also found, in the language of the seventh paragraph of the complaint, as follows:

''That at frequent and divers times, during each and every year from December 20, 1902, defendant has turned large and dangerous quantities of water from its said canal into the said waste-ditch, and that said water so turned out, by reason of the careless, negligent and faulty manner in which the said waste-ditch was built and constructed and maintained by defendant as aforesaid, has at each and all of said times flowed out of said waste-ditch over, upon and to the said land of the plaintiff; that said water from the said waste-ditch has formed into ponds or lakes on the said land of plaintiff and has filtered and seeped through, down to, under, in and upon the said land of plaintiff and made the same wet and swampy, has caused alkali and other bases to rise and appear in damaging quantities upon the surface of said land and has caused large acres of tules and other noxious weeds to grow upon said land.''

And by its fifth finding of fact the court found as follows:

''That by reason of the facts aforesaid, the court finds that the lands of the plaintiff described in his amended complaint have been damaged by the defendant in the sum of four hundred and fifty-three and 50/100 dollars.''

These findings clearly indicate that the court sustained the allegations of the complaint except as to the amount of damages done and the permanent destruction of said land.

It will be observed from the findings above quoted that the court finds in effect that said lands described in the complaint have been damaged in the amount of $453.50 by the water escaping from said waste-ditch and flooding the same since December 20, 1902, through the carelessness or negligence of the defendant. The court thus finds that the damages for which the judgment is given accrued during the three years immediately preceding the commencement of the action, and thus finds against the defendant on the issue raised by the defendants based on the statute of limitations. While the court did not in terms find that this action was not barred by the statute of limitations, it does find that the damages for which the judgment was entered accrued within that period and thus negatives the defense of the statute of limitations.

There was an issue as to the number of acres flooded and damaged, the plaintiff alleging that there were about thirty acres thus "permanently destroyed," and the defendant contended that there were not to exceed fourteen and four-tenths so flooded, and averred that no damage whatever was done.

The fourth finding of fact is copied from the seventh paragraph of the complaint, but there is omitted from said finding the following allegation of said paragraph, to wit: "Thereby and by reason of any and all of which the said thirty acres of plaintiff's land have been and are rendered incapable of cultivation, and their use and profit to plaintiff permanently destroyed to his damage in the sum of $2,500." And in place thereof, the court found that said lands have been damaged in the sum of $453.50, thus clearly indicating that the damage was not for the permanent destruction of said land, but for permanent or temporary injury to it. It negatives the allegation of permanent destruction. The answer denied any injury whatever. Under the pleadings, the court might have entered judgment for permanent destruction, or permanent or temporary injury to said land, if the evidence established either.

But it is contended there is a different rule for assessing damage where the injury is of a permanent character and

where the injury is only temporary, and that the findings, conclusions and judgment ought to show which rule the court applied to the facts in this case. It is argued that if the court in fact found permanent injury and applied the rule for assessing damages applicable to temporary injury, then the judgment should be reversed. Or, in case the court intended to find that said land was only temporarily injured and applied the rule for assessing damages for permanent injury, the judgment ought to be reversed; and that for those reasons, the appellant has a right to know which rule of damages the court applied to the facts of this case. The answer to this contention is that the transcript does not contain the evidence, and it does not appear to this court whether the ·evidence shows permanent or temporary injury. That being true, this court must presume that the trial court applied the correct rule for assessing damages upon the facts as established by the evidence. If the appellant had brought the evidence to this court, and it clearly appeared therefrom that the court had applied the wrong rule for assessing damages, that could be corrected; but in the present state of the record, this court must presume that the trial court applied the proper rule in assessing damages.

It is contended that the court made no conclusions of law, and that is assigned as error. We find in the record a conclusion of law immediately following the findings of fact, and apparently a part of the judgment-roll, but it is not signed by the judge. Under the provisions of sec. 4406, Rev. Stat., upon a trial by the court its decision must be given in writing, and under the provisions of sec. 4407, Rev. Stat., the facts so found and the conclusions of law must be separately stated. By the terms of said sections, the judge is not required to sign such findings and conclusions, but it is customary to do so. In *Gainsley v. Gainsley* (Cal.), 44 Pac. 456, it was contended that there were no written conclusions of law distinct from the judgment itself and that for that reason the judgment could not stand. The court said:

"In this case the judgment fully expresses the conclusions of law and having been attached to the statement of facts

found and filed at the same time, there was no necessity for any other statement of the conclusions of law.''

So in the case at bar, the finding of facts signed by the judge, the conclusion of law not signed by him and the formal judgment signed by him, were all filed at the same time and were sufficient to clearly show the conclusion of law which the court drew from the findings.

It appears that in the original complaint, it was alleged that the damages accrued to said land from the year 1898 to the commencement of this action, which was December 18, 1905. A demurrer to said complaint was interposed, raising the question of statute of limitations, which demurrer was sustained by the court and the amended complaint on which this action was tried was thereafter filed. The only change in the amended complaint was the allegation that the damages had accrued to said land during the period of three years immediately preceding the commencement of the action. During the trial of the cause, the appellant offered in evidence said original complaint and the demurrer thereto, for the purpose, no doubt, of contradicting that allegation of the amended complaint which avers that the damages had accrued to said land subsequent to December 20, 1902. The court refused to admit in evidence said complaint. This was clearly error. It is true the complaint was sworn to by the attorney and not by the plaintiff, but that makes no difference. The complaint ought to have been admitted, and then if the respondent desired to make any explanation of the allegations contained in said complaint, he should have been permitted to do so. In 2 Wigmore on Evidence, sec. 1067, it is said:

''When a pleading is amended or withdrawn, the superseded portion disappears from the record as a judicial admission, limiting the issues and putting certain facts beyond dispute. Nevertheless, it exists as an utterance once seriously made by the party,'' and for certain purposes may be admitted in evidence. And in *Bloomingdale v. Du Rell*, 1 Ida. 33, the court said:

"It will not do to say that these matters of excuse or of discharge were struck out of the answer (by amendment) and should not have been considered. They were still admissions, . . . . and were as much evidence to be considered as any other admissions."

To the same effect is *Pence v. Sweeney*, 3 Ida. 181, 28 Pac. 413. However, the case was tried by the court without a jury and the plaintiff testified on his own behalf and testified as follows:

"Q. In your original complaint in this case, you alleged, did you not, that this damage from this overflow had been taking place annually for the last five years last past?

"By Mr. Fraser: Mr. Shurtliff had no knowledge of that. I verified it.

"By Mr. Haga to the witness: Q. You gave the facts, did you not?

"Witness: A. I think I told Mr. Fraser there had been times in the spring for the last five years since they quit cleaning out that waste-ditch that the water overflowed my land."

The court thus had evidence before it that plaintiff had told his attorney that water had overflowed said waste-ditch and flooded his land for the five years immediately preceding the commencement of this action, that being the admission of respondent which appellant desired to show by the introduction of said complaint which contradicted his statement made in the amended complaint. Thus the same result was accomplished that would have been had the complaint been admitted. For that reason, the refusal of the court to receive in evidence said complaint was not reversible error.

The judgment is affirmed, with costs in favor of respondent.

Ailshie, C. J., and Stewart, J., concur.