[Civ. No. 5729. First Appellate District, Division Two.—December 24, 1926.]

SAN FRANCISCO BREWERIES, LIMITED (a Corporation), Petitioner, v. SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] Mandamus — Order Abating Action—Record—Judgment—Presumptions.—In a proceeding in *mandamus* to compel the superior court to set a cause for further hearing and trial, where the record is silent as to what order or judgment the trial court actually made, but petitioner alleges that the trial court granted defendant's motion for the abatement of the action, and respondent does not deny that the court made such an order, but affirmatively alleges that the trial court did make an order abating the action, it must be assumed that a proper order for the abate-

ment of the action was in fact made and entered by the trial court.

[2] Judgments—Abatement of Action—Revival by Trial Court— Jurisdiction—New Trial—Section 473, Code of Civil Procedure.—A judgment granting a motion to abate an action is a final judgment terminating the action, and the trial court has no authority to set it aside or to revive the action, or set it for further hearing, except upon motion for a new trial, or upon application for relief under section 473 of the Code of Civil Procedure.

[3] Mandamus — Functions of Writ — Correction of Errors on Questions Regularly Submitted — Jurisdiction. — The writ of *mandamus* cannot be used to correct errors of a court in passing upon questions regularly submitted to it in the course of judicial proceedings.

[4] Id.—Judgment Abating Action—Relief—New Trial—Appeal.— Where a judgment abating an action is final, it is immaterial whether the trial court arrived at a correct or erroneous conclusion, so long as it entered a judgment, and if plaintiff cannot obtain relief by a motion for a new trial, or by a motion under section 473 of the Code of Civil Procedure, his remedy is by appeal and not by *mandamus*.

[5] Evidence — Continuance of Status Once Established — Presumptions.—It is a disputable presumption of law that a status once established is presumed to remain until the contrary appears.

[6] Mandamus — Status of Foreign Corporation — Evidence—Presumptions.—In a proceeding in *mandamus* by a foreign corporation to compel the superior court to set a cause for further hearing and trial after judgment abating the action, where it was alleged that the plaintiff corporation, organized under the laws of a foreign country, was doing business in California, the reviewing court must assume, under subdivision 32 of section 1963 of the Code of Civil Procedure, in the absence of testimony to the contrary, that the corporation continued to do business during the succeeding years, while said action was pending in the superior court.

[7] Corporations—Foreign Corporations—Failure to Pay Taxes— Right to Maintain Action.—A corporation created under the laws of a foreign country which was doing business in California during the year in which it instituted an action, but which failed to pay the state corporation taxes for the succeeding years while the action was pending, is precluded by Stats. 1915, page 422,

3.   See 16 Cal. Jur. 822; 18 R. C. L. 297.
5.   See 10 Cal. Jur. 766; 10 R. C. L. 872.

as amended by Stats. 1917, page 371, from maintaining such action.

[8] ID.—ABATEMENT OF ACTION—JUDGMENTS—JURISDICTION—MANDA-MUS.—In a proceeding in mandamus by a foreign corporation to compel the superior court to set a cause for further hearing and trial after judgment abating the action, where grounds existed upon which the superior court might have abated the action for failure of the corporation to comply with the act of 1923 (Stats. 1923, p. 1034), relating to the designation of a person residing in the state upon whom process may be served, and for failure to pay the state corporation tax, if the proofs warranted, and the evidence is not before the reviewing court, it must be assumed that the trial court refused to proceed further with the trial of said action upon proper and legal grounds.

---

(1) 38 C. J., p. 913, n. 45.   (2) 33 C. J., p. 1061, n. 30; 34 C. J., p. 221, n. 54.   (3) 38 C. J., p. 570, n. 72, p. 606, n. 54.   (4) 38 C. J., p. 565, n. 24, p. 614, n. 9.   (5) 22 C. J., p. 86, n. 75, p. 87, n. 85, p. 88, n. 97.   (6) 22 C. J., p. 92, n. 46 New; 38 C. J., p. 913, n. 45.   (7) 14a C. J., p. 1356, n. 43 New.   (8) 38 C. J., p. 913, n. 45.

APPLICATION for a Writ of Mandamus to compel the Superior Court of the City and County of San Francisco, and J. J. Van Nostrand, Judge thereof, to set a cause for further hearing and trial after judgment abating the action. Writ denied.

The facts are stated in the opinion of the court.

L. M. Hoefler, Finlay Cook and C. K. Bonestell for Petitioner.

Joseph E. Bien and Werner Olds for Respondents.

PRESTON (H. L.), P. J., *pro tem.*—This is an original proceeding in *mandamus*. The petitioner seeks an order of this court compelling the Superior Court of the City and County of San Francisco and Honorable J. J. Van Nostrand, Judge thereof, to set for further hearing and trial the case of *The San Francisco Breweries, Limited, a Corporation, Plaintiff,* v. *Leon Morgen, Defendant,* now pending in said Superior Court, and numbered 140167 in the files of said Court.

It appears from the record before us that petitioner herein, The San Francisco Breweries, Limited, is, and was,

during all the times herein mentioned, a corporation formed and existing under and by virtue of the laws of the United Kingdom of Great Britain and Ireland.

On October 3, 1923, the petitioner herein, as plaintiff, commenced an action in the Superior Court of the City and County of San Francisco against one Leon Morgen, defendant, to recover the sum of forty-four thousand eight hundred dollars, claimed to be due as rent of certain premises in San Francisco, owned by the petitioner herein, and claimed to have been leased to the said defendant Morgen.

Thereafter, and on the seventeenth day of December, 1923, the defendant Morgen served and filed his answer to the complaint in said action, in which he denied said indebtedness and pleaded the statute of limitations against plaintiff's cause of action. On the 14th of April, 1924, the trial of said action was commenced in said Superior Court before the above-named Judge thereof, sitting without a jury, and certain evidence was offered and received on behalf of the said plaintiff therein, and thereafter the trial was continued from time to time until the 15th of June, 1925, at which time the plaintiff therein (the petitioner here) was granted leave to amend its said complaint to conform to the proofs in certain particulars. Thereafter, on the 18th of June, 1925, the trial of said action was again resumed and said plaintiff therein, on the same day, rested its case. A motion for a nonsuit was made by said defendant Morgen and denied by the court. Immediately after the denial of said nonsuit the defendant Morgen was granted leave to file an amended answer and on the 29th of June, 1925, the said defendant Morgen served and filed his said amended answer in said action. On December 10, 1925, the trial of said action was again resumed, at which time the defendant Morgen moved the court to abate. the said action. Thereafter, and on March 10, 1926, the court granted the motion to abate said action.

Petitioner and respondent do not agree as to what evidence was offered or received in support of or in opposition to the motion made by the defendant Morgen to abate the action; neither do they agree upon what ground the court granted the motion. The petitioner contends that the plea in abatement was granted upon the ground that plaintiff was a foreign corporation and had failed to pay the license

tax to the state of California for the year beginning January 1, 1924, and had thereby forfeited its right to maintain said action, and in support of this motion petitioner contends that the defendant Morgen presented a certificate from the Secretary of State of the state of California showing that The San Francisco Breweries Limited, the petitioner herein and the plaintiff in said action, had been recorded by the Secretary of State as "suspended" for failure to pay its license tax for the year 1924, in accordance with the provisions of section 9 of an act of the legislature of the state of California, approved May 10, 1915, and amended in 1917 and 1923, prescribing terms and conditions upon which corporations may transact business in this state, and providing penalties and forfeitures for noncompliance.

Petitioner does not refer us, either in its petition or briefs, to any other evidence, nor does it state that no other testimony was in fact taken on said motion. Neither are we furnished with a copy of the said certificate from the Secretary of State. The respondent, on the other hand, contends that *other* evidence was actually taken upon the hearing of the said motion, and that the motion to abate said action, made by defendant Morgen on December 10, 1925, was a motion made under the third and last defense pleaded in the answer on file in said action in the court below, which defense as set forth is as follows: "That plaintiff is a foreign corporation, to wit, is a corporation organized under and by virtue of the laws of the United Kingdom of Great Britain and Ireland; that plaintiff is not authorized under the laws of the State of California, and particularly under Chapter 215 of the Statutes of 1917, p. 371, et seq., thereof, or any amendments thereof or otherwise, to maintain this action; that plaintiff's charter has, for more than one year last past, been suspended; that Thomas Alton, who was designated as the agent of the plaintiff upon whom process issued by authority of law may be served, died approximately in the year 1922 and prior to the commencement of this action, and plaintiff did not, within forty days after his death, or at all, make a new designation of an agent and has not now such a designated agent in the State of California; that the transaction upon which suit was brought grew out of business done by plaintiff in the State of Cali-

fornia and that plaintiff, as alleged in said complaint, is doing business in the State of California.''

The respondent further contends that the court, after an examination of the pleadings and records in said cause, and after the submission of said motion on proofs, on March 10, 1926, granted said motion for the abatement of said action.

The respondent, however, does not furnish us with a record of what evidence it claims was actually offered and received on behalf of the motion.

The petitioner herein in paragraph VII of the petition, referring to the motion of defendant to abate the action, alleges: ''That thereafter, to wit, on the 10th day of March, 1926, the said court granted said motion of said defendant for the abatement of said action.''

Thereafter, on the ninth day of April, 1926, the petitioner herein, as such plaintiff, moved the said court for an order setting said action down for further hearing and trial, and the court denied said motion and refused further hearing and trial of said action, and at that time signed and filed the following order, to wit:

''The motion of the plaintiff herein for an order setting this action on the calendar for further hearing this day coming on regularly for hearing in open court upon notice duly given, Finlay Cook, Esq., and C. K. Bonestell, Esq., appearing as attorneys for the plaintiff, and Werner Olds, Esq., appearing as attorney for the defendant, and it appearing to the satisfaction of the court:

''That upon the trial of this cause heretofore had, defendant, after plaintiff had presented its evidence and had rested its case, moved the court to abate the action on the ground that plaintiff, a foreign corporation, had failed to pay State license tax and could therefore no longer maintain the action, and that the Court had thereupon granted said motion:

''Wherefore it is ordered, that plaintiff's said motion to set said cause for further trial and hearing be and the same is hereby denied for lack of jurisdiction in the court to proceed further with said action.''

No testimony was offered by either side on the hearing before this court.

[1] Under this condition of the record before us petitioner contends that the trial court has refused to make any

order or render any judgment in said action of The San Francisco Breweries Limited against Leon Morgen.

Thus we have a situation presented where the record is silent as to what order or judgment the trial court did actually make, if it made any, but where petitioner alleges, in its petition for writ of mandate, that the trial court *granted defendant's motion for the abatement of said. action,* and the respondent does not deny that the court made such an order, but affirmatively alleges that the trial court *did make an order abating said action.*

It seems clear that under such a condition we must take the allegations of the pleadings as stating the facts and assume that a proper order for the abatement of said action was in fact made and entered by the court. [2] Therefore, it was a final judgment and terminated the action, and the trial court had, therefore, no authority to set aside said order or to revive said action, or set it for further hearing, except upon motion for a new trial, or upon application for relief under section 473 of the Code of Civil Procedure. (*Watterson* v. *Owens River Canal Co.*, 190 Cal. 88 [210 Pac. 625], and cases therein cited.) Petitioner did not attempt to avail itself of either of these remedies, but merely moved the court to set the cause for further trial, with the order of abatement still in force. This motion the court had no power to grant and it was properly denied.

[3] The rule is well established that the writ of *mandamus* cannot be used to correct the errors of a court in passing upon questions regularly submitted to it in the course of judicial proceedings. (*Gesford* v. *Superior Court*, 114 Cal. 466 [46 Pac. 383]; *Lapique* v. *Superior Court*, 24 Cal. App. 314 [141 Pac. 223].) [4] It is therefore immaterial, as far as this proceeding is concerned, whether the trial court arrived at a correct or an erroneous conclusion, so long as it rendered a judgment, and if petitioner could not obtain relief by a motion for a new trial, or by a motion under section 473 of the Code of Civil Procedure, its remedy was by an appeal, and *mandamus* will not lie.

Irrespective of whether or not the trial court did in fact make an order abating said action, under the record before us we are of the opinion that such an order should have been made for at least two reasons: First, it is alleged in both counts of the original complaint and in both counts of the

amended complaint of plaintiff (petitioner here), that plaintiff was a corporation created and existing under the laws of the United Kingdom of Great Britain and Ireland, and *lawfully* doing business in the state of California. Defendant Morgen answered this complaint and admitted that plaintiff was a corporation created under the laws of the United Kingdom of Great Britain and Ireland, and doing business in the state of California, but *denied* that it was doing business *lawfully* in the state of California, and further alleged that said corporation had not complied with the laws of this state to entitle a foreign corporation to do intrastate business in the state of California.

[5] These pleadings therefore establish two things without the necessity of any proof, viz.: (a) That The San Francisco Breweries Limited is a foreign corporation created under the laws of the United Kingdom of Great Britain and Ireland; (b) that it was doing business in the state of California during the year 1923, when it commenced the action against Leon Morgen in the Superior Court of the City and County of San Francisco. In the absence of any testimony to the contrary we must assume that said corporation continued to do business in California during the years 1924, 1925, and 1926, while said action was pending in said Superior Court; for it is a well-known disputable presumption of law that a status once established is presumed to remain until the contrary appears (*Kidder* v. *Stevens*, 60 Cal. 414; *Eltzroth* v. *Ryan*, 89 Cal. 140 [26 Pac. 647]; *Metteer* v. *Smith*, 156 Cal. 572 [105 Pac. 735]), or as expressed in section 1963, subdivision 32, of the Code of Civil Procedure, "that a thing once proved to exist continues as long as is usual with things of that nature." [6] Indulging, therefore, in this presumption, it follows that The San Francisco Breweries Limited was doing business in the state of California for the years 1924, 1925, and 1926, and the only controverted issue would be whether said corporation was doing business *lawfully* during this time. On this question it is admitted by the said corporation that it never paid any corporation taxes to the state of California after the year 1923. [7] It follows, then, that under these presumptions and admissions in the pleadings, said corporation *was doing business in California* when the trial court refused to proceed with the trial of *San Francisco Brew-*

*eries Limited* v. *Morgen* in direct contravention of the statute (Stats. 1915, p. 422, and amendments thereto; Stats. 1917, p. 370), and should be precluded from maintaining the action in the court below.    On this ground alone the Superior Court might properly have granted the order of abatement.

[8]    Second, one of the special defenses set forth by defendant Morgen in his verified answer, which answer is made part of the petition herein, is that one Thomas Alton, who was designated as the agent of the petitioner upon whom process might be served, died in the year 1922, and that petitioner failed to designate another agent within forty days and has never made, and has not now, a designated agent in the state of California.    Section 1 of the act prescribing terms and conditions upon which foreign corporations may transact business in this state, and providing penalties and forfeitures for noncompliance, as amended in 1923 (Stats. 1923, p. 1034), provides in part that every foreign corporation shall file with the Secretary of State a designation of some person residing within this state upon whom process may be served as the representative of such corporation, and within forty days after the death or removal from the state of any person so designated, such corporation must make a new designation, or *be subject to the provisions and penalties of this section.*    One of the provisions of said section is that any foreign corporation that has not complied with said section shall not be entitled to the benefits thereof, nor can any such foreign corporation maintain or defend any action or proceeding concerning its property in this state or any intrastate business or transaction in any court of this state.

There were, therefore, at least two grounds upon which the court might have abated the action, if the proofs warranted, and the evidence not being before us, we must assume that the trial court refused to proceed further with the trial of said action upon proper and legal grounds.

For the reasons stated we think the writ of mandate should be denied, and it is so ordered.

Sturtevant, J., and Nourse, J., concurred.