(No. 5780. February 28, 1933.)

H. C. ANDERSON, C. E. ANDERSON, EVERETT FLOCK, MURRILL NOYSE and TOM CASTLE, Respondents, v. WILLIAM HOOPS and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Appellants.

[19 Pac. (2d) 908.]

Frank L. Stephan and Hodgin & Hodgin, for Appellants.

Ed. R. Coulter and J. W. Galloway, for Respondents.

HOLDEN, J.—This is an action to recover a balance claimed by respondents to be due them from appellant, Hoops on a subcontract for hauling and placing material on a Federal Aid Project highway in Valley county, Idaho. On May 29, 1928, appellant, Hoops, entered into a contract with the state of Idaho for the construction of a portion of the Federal Aid Project in Valley county. Later, and on the nineteenth day of July of that year, appellant, Hoops, subcontracted to the respondents the hauling and placing of surfacing material on that project, the subcontract fixing the payment to respondents at the rate of eighteen cents per yard mile. The respondents hauled and placed the material as provided by the subcontract. When the hauling and placing of the material was completed, appellant, Hoops, tendered respondents a check for the sum of $490.02 in full payment of the balance he claimed to be due them under the subcontract based upon his interpretation of the term "yard mile." The respondents, contending for a different interpretation, refused to accept the check and returned it to appellant. The appellant refused to pay the balance claimed by respondents, and, pursuant to I. C. A., sec. 44–502, filed with the Commissioner of Public Works of the state of Idaho, a bond signed by appellant, Fidelity and Deposit Company of Maryland, as surety, after which he was paid in full for said work by the state of Idaho. Thereafter, and on the twenty-eighth day of January, 1930, the

respondents commenced this action to recover a balance of $3,390.76, which they claimed to be due them under the subcontract for hauling and placing material on said project. The case was tried by the court below, sitting with a jury. Upon the trial of the cause, a verdict was rendered in favor of the respondents for the sum of $3,390.76, with interest, which, being computed, amounted to the total sum of $3,953.84. Upon motion of the respondents, the last-mentioned sum was reduced to $3,702.55. Judgment was entered for that amount and the costs of the respondents, from which judgment and an order denying appellants a new trial an appeal was taken to this court.

That part of the said subcontract necessary to a proper consideration of this appeal follows:

"Now, therefore, it is hereby agreed that said parties of the second part, for and in consideration of the payment to them at the rate of eighteen (18 cts) cents per yard mile, paid to them by said party of the first part, as hereinafter specified, shall load said surfacing material at the bunker of gravel plant and haul and deliver the same at proper places along said highway: Said second parties shall furnish a sufficient number of trucks to take the material as fast as it is crushed at said gravel plant."

There is no merit, in our view of the case, in any of the errors assigned by appellants, but one, the third, leveled at instruction No. 12, by which the trial court instructed the jury that all statements therein set forth "as to the amounts of material hauled and prices thereof were admitted by the original answer of defendants as being true, and these admissions so made by the defendants in their verified answer shall be considered by you as evidence in this case."

The facts necessary to a complete understanding of appellants' assignment of error numbered three are: The respondents filed an amended complaint, the complaint upon which the case was tried; paragraph numbered four of that complaint pleaded, *inter alia*, the said subcontract; the hauling and placing of surfacing material as required by such contract; the number of yards hauled and placed and the

prices the respondents claimed they were to receive therefor. The appellants, by the first paragraph of their answer, denied each and every allegation of the amended complaint, ''except as hereinafter admitted,'' and by the second paragraph ''admit paragraphs one, two, three and four of plaintiffs' amended complaint.'' During the course of the trial, and while the appellants were submitting their proof, they asked and were granted leave to amend the second paragraph of their answer by striking therefrom the words, ''and four.'' Those words, however, were not actually stricken. Up to that time paragraph numbered four of the amended complaint had stood admitted in its entirety. After the amendment was granted, paragraph numbered four was fully denied. The respondents did not offer paragraph numbered two of the answer in evidence, nor otherwise attempt to prove the admission of paragraph numbered four of the amended complaint, by the appellants.

We think that before the amendment was granted, the second paragraph of the answer was a judicial admission of the material allegations contained in the fourth paragraph of the amended complaint. After amendment, it was a mere ordinary admission, subject to proof and to explanation as fully as though it had been made in a letter. If a jury could consider an admission made in a superseded pleading, without being admitted in evidence, then a jury could consider an admission made in a letter, without admitting the letter in evidence. This court has held that when a pleading is amended or withdrawn, the superseded portion disappears from the record as a judicial admission, limiting the issue and putting certain facts beyond dispute, but that, nevertheless, it exists as an utterance once seriously made by the party, and for certain purposes may be admitted in evidence. (*Shurtliff v. Extension Ditch Co.*, 14 Ida. 416, 427, 94 Pac. 574.) And that case is in harmony with the great weight of judicial opinion. (2 Wigmore on Evidence, 2d ed., sec. 1067, p. 548; 22 C. J., sec. 380, p. 336; Jones' Commentaries on Evidence, 2d ed., sec. 1004, pp. 1844, 1845.)

It must follow that if a superseded pleading disappears from the record as a judicial admission, and then becomes and exists merely and only as an utterance once seriously made by a party, and if it is competent evidence of such utterance, or statement, as held in the Shurtliff case, *supra,* then it is clear that it must be admitted in evidence to entitle it to be considered by the jury as an item of evidence in the case.

For the foregoing reasons, we conclude that giving instruction No. 12 constituted reversible error and that the judgment of the trial court, and the order of that court denying appellants a new trial, must be reversed, and it is so ordered. Costs to appellants.

Budge, C. J., Givens and Morgan, JJ., and Rice, D. J., concur.