**267 P.2d 625**

**STOUT   v.   McNARY.**

No. 8009.

Supreme Court of Idaho.

Feb. 24, 1954.

E. G. Elliott, John H. Fairchild, Boise, for appellant.

Vernon K. Smith, Boise, for respondent.

KEETON, Justice.

Appellant, in his amended complaint, alleged that he had entered into an agreement with respondent to purchase a tract of land owned by respondent and had deposited $200 as a down payment with a real estate agent, Elbert C. Richardson, doing business as Ada Real-T Company, with whom respondent had listed the land for sale, which sum he alleged was to be retained by respondent if the purchase was completed, otherwise to be returned to appellant. The amended complaint then alleged:

"that the defendant thereafter refused to sell said real estate to plaintiff according to agreement made and entered into between the plaintiff and defendant's agent * * * Elbert C. Richardson * * *."

That because of respondent's breach and failure to perform the contract of purchase, appellant demanded that the $200 so deposited as earnest money be returned to him, which respondent refused to do.

In a second cause of action, appellant claimed respondent was indebted to him in the sum of $250 for money had and received, based on the contention that the land which appellant allegedly purchased had thereafter been sold by respondent to another for $250 more than appellant would have paid had his claimed contract been complied with by respondent.

A demurrer was sustained to the second cause of action, and it was dismissed with prejudice. In an answer the material allegations of the first cause of action were denied and an affirmative defense pleaded. The affirmative defense was by respondent thereafter withdrawn, and on respondent's motion, stricken. This affirmative defense will be hereinafter referred to. On issues thus joined the cause was tried before a jury and at the conclusion of the evidence the trial judge sustained a motion for nonsuit, and dismissed the proceeding. Appeal is taken from the judgment.

Appellant assigns as error the sustaining of the general demurrer to appellant's second cause of action; in sustaining objections to the admission in evidence of certain exhibits offered and in granting the motion of nonsuit.

The testimony admitted at the trial established that respondent had listed the property for sale with Richardson. Pursuant to an advertisement Richardson was contacted by appellant and at his suggestion appellant interviewed and talked with respondent relative to the contemplated purchase.

The $200 deposited with Richardson was deposited on the assumption of appellant

that he was to pay $7500 for the property. In appellant's talk with respondent, appellant was advised that the property had been listed for sale for $7650 and that Richardson had no authority to accept a lesser sum. Numerous talks and negotiations were had between the parties, and Richardson, but the parties could not agree on a price or on the terms of sale. Appellant then demanded his deposit back and was told by respondent that he, respondent, would have Richardson return the deposit as he would not accept less than $7650. Further negotiations were had, but no sale was ever completed and this action was brought to recover the deposit, and in a second cause of action, the sum of $250 damages.

It is plainly apparent from the evidence that the agent Richardson had no authority to enter into a binding contract on behalf of his principal for the sale of the land at $7500 or any other sum; that no contract for the sale between the parties was ever entered into, written, oral, or otherwise. The minds of the parties never met; there was no offer and acceptance, and no writing. This, however, does not determine the question of whether or not Richardson had authority, as respondent's agent, to accept a down payment of $200 as earnest money, subject to the contingency that a contract would, or might be, entered into, and if not entered into, the money refunded.

Hence authority of Richardson, as an agent of respondent, to accept the $200 on behalf of his principal, subject to the contingency of a sale being consummated is the question to be determined. It is the contention of respondent that if anyone is liable it is Richardson and not respondent.

In proof of the relationship of the agency, conversations had between respondent, appellant, appellant's wife, and the agent Richardson were received in evidence. In the conversations the authority to accept the $200 was not denied by respondent, and when the agreement was not consummated, respondent told appellant he would have Richardson refund the money. The excuse given by Richardson for not refunding the money at that time was that he had forgotten it, and had left the check in his other clothes.

In further proof of the agency, appellant offered in evidence the respondent's stricken affirmative defense which contained allegations showing directly, or by inference, that the relationship of principal and agent between respondent and Richardson did exist, and that Richardson, on behalf of the respondent, did have authority to accept the down payment. The court sustained an objection to the exhibit (Exh. 2) on the ground that it contained an allegation that the authority of Richardson had expired by lapse of time. However, all negotiations between the parties were had subsequent to the time it was claimed in the affirmative defense that the agent Richardson's authority had expired. The affirmative matter contained allegations

that such authority had existed and further claimed that the reason the sale was not perfected was not due to the fault of respondent; and because of the alleged default on the part of appellant, respondent claimed the right to retain the deposit money.

The admissions, declarations and statements in the affirmative defense, against interest, even though such affirmative matter had been withdrawn, amended or superseded, are admissible. Anderson v. Hoops, 52 Idaho 757, 19 P.2d 908; Shurtliff v. Extension Ditch Co., 14 Idaho 416, 94 P. 574; Bloomingdale v. Du Rell & Co., 1 Idaho 33; Johnson v. Sheridan Lbr. Co., 51 Or. 35, 93 P. 470; Elliff v. Oregon R. & Nav. Co., 53 Or. 66, 99 P. 76. Hence the court erred in refusing to admit the exhibit in evidence.

The authority of the agent to accept the $200 for and on behalf of his principal, would not have to be established by direct or positive proof, but could be inferred from dealings, circumstances, acts and conduct. Carron v. Guido, 54 Idaho 494, 33 P.2d 345; Lightner v. Russell & Pugh Lbr. Co., 52 Idaho 616, 17 P.2d 349; Harding v. Home Inv. & Sav. Co., 49 Idaho 64, 286 P. 920, 297 P. 1101; 2 C.J.S., Agency, § 17, p. 1041.

The relationship of principal and agent when shown to exist will be presumed to continue in the absence of anything to show its termination. Exchange State Bank of Glendive v. Occident Elevator Co., 95 Mont. 78, 24 P.2d 126, 90 A.L.R. 740; Morris Plan Industrial Bank v. Howell, 200 N.C. 637, 158 S.E. 203; Moore v. Ohio Valley Gas. Co., 63 W.Va. 455, 60 S.E. 401; In re Rogers, D.C.W. Va., 20 F.Supp. 120; Day v. Frazer, 51 Ariz. 474, 78 P.2d 140; San Francisco Breweries Ltd. v. Superior Court, 80 Cal. App. 433, 251 P. 935; 22 C.J. 86, Sec. 28; 31 C.J.S., Evidence, § 124, p. 736; 2 Am.Jur. 36, § 35.

The principal cannot claim that an agent with apparent authority to act had no such authority when he claims benefits of such agent's acts. He cannot approve the part that is beneficial to him and reject the part that creates a burden.

Appellant assigns as error the refusal of the trial court to admit in evidence appellant's offered exhibits, identified as 3, 4, 5, 6, 7 and 8. These offered exhibits were a Justice Court's record in a suit in which Leonard McNary, Sr., and Mary Kay McNary were plaintiffs v. Delbert Richardson, doing business under the firm name of Ada Real-T Company. It appears from these exhibits that plaintiffs in that suit had sued defendant therein for the sum of $200 allegedly paid defendant by W. A. Stout as a down payment and earnest money for the purchase, or contemplated purchase, of the same land as is described in appellant's complaint. It fur-

104

ther appears that in said suit judgment was entered against *Elbert* Richardson for the amount sued for. The transaction described in that suit corresponded with the dates and other connecting facts as alleged in the present controversy.

.Objection was sustained to the admission of exhibits 3 and 7 on the ground they are immaterial. Exhibit 3 was the summons in the Justice Court action and exhibit 7 the cost bill. Objection was sustained as to exhibits 4, 5, 6 and 8 on the ground the identity of the parties had never been established. Exhibit 4 was the complaint in the Justice Court, exhibit 5 the findings of fact and conclusions of law, exhibit 6 the judgment and exhibit 8 the Justice docket entries.

While there was no direct proof of the identification of the parties in the exhibits so offered, there was sufficient to permit the introduction of such exhibits in evidence. When the entire record is considered, there is a reasonable inference that Leonard McNary, Sr., was the same person as Leonard A. McNary, Sr., and that Delbert Richardson and/or Elbert Richardson, doing business under the name of Ada Real-T Company was the same person as Elbert C. Richardson. The contents of the exhibits offered, and the similarity of names, were such as to establish prima facie identification. Hence the exhibits should have been admitted. State v. McClurg, 50 Idaho 762 at page 789, 300 P. 898.

■ The evidence admitted, and that which should have been received, was sufficient, if believed by the jury, to warrant a recovery and was sufficient to put the respondent to his proof. Hence we conclude that the nonsuit should not have been granted.

Argument is made by respondent that the complaint in the Justice Court proceedings above referred to was only signed by the attorney and not by the parties plaintiff, or either, and was unverified. Hence he claims the objection to the admission of the exhibits was proper. The argument is untenable.

■ There is a presumption that an attorney-at-law, as an officer of the court is, in general, duly authorized to act for a client whom he professes to represent. Unless the contrary is shown, an attorney who brings an action and signs the papers as attorney for the party he represents has authority so to do. 7 C.J.S., Attorney and Client, § 72, p. 874, and § 73(a), p. 875. Hence the act of the attorney was the act of the principal or client.

The appellant's second cause of action which was by the court dismissed, was predicated on the theory that the agent Richardson had authority to enter into a sales contract with appellant covering the land in controversy. This contention was in direct conflict with the first cause of action.

The evidence admitted at the trial disclosed conclusively that no such authority existed. No useful purpose could be served by reinstating the second cause of action. The judgment of nonsuit as to the first cause of action is reversed and a new trial ordered. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.