**lL. V. WHITE and Myrtle White, husband and wife, Plaintiffs-Respondents,**

v.

**Vern M. DONEY, Defendant-Appellant.**

No. 8773.

Supreme Court of Idaho.

April 12, 1960.

Rehearing Denied May 9, 1960.

J. F. Martin and C. Ben Martin, Boise, for respondents.

Jones & Jones, Alfred C. Hagen, Boise, for appellant.

KNUDSON, Justice.

During May, 1956, respondents were possessed of and occupied a 21 foot Kozy Coach trailer house at the C & M Trailer Court located about halfway between John Day, Oregon and Canyon City, Oregon. On about June 2, 1956, a Mr. Easter, whom respondents regarded as an agent of appellant, called upon respondents and discussed with them the purchase of a 40 foot Terra Cruiser trailer house which at that time was located at Long Creek. The record is not clear as to the date upon which respondents signed a contract of conditional sale relative to the purchase of the Terra Cruiser; however said instrument bears date of June 21, 1956, and the name "Doney Trailer Sales" as dealer-seller is typewritten as is also the name Easter, as authorized agent. On about June 21, 1956, the Terra Cruiser was delivered to respondents by Mr. Easter and an employee of appellant, at which time resondents' personal belongings were transferred from the Kozy Coach, in which respondents had been living, to the Terra Cruiser. Respondents at that time delivered to Easter a bill of sale to the Kozy Coach following which Mr. Easter and appellant's employee took the Coach and bill of sale with them.

On about July 18, 1956, respondents moved the Terra Cruiser from the C & M Trailer Court to Redmond, Oregon, where respondent, Mrs. White, lived for approximately two weeks, following which she joined her husband in Spokane, Washington, leaving the trailer house at Redmond. She returned to the trailer house on August 6, 1956, for a brief stay, following which she went back to Spokane where respondents remained until September 12, 1956, on which date they returned to Redmond and discovered that their trailer house was gone and their personal belongings either missing or damaged.

· Between the dates of June 28 and August 9, 1956, appellant addressed four letters

to respondents, General Delivery, Canyon City, Oregon. None of such letters was ever received by respondents. Under dates of August 10 and September 7, 1957, respondents mailed United States Postal money orders, each in the sum of $69.24, payable to the Pacific Finance Co., Boise, Idaho, as previously directed by Easter, to be applied in payment of the installments payable under the contract which they had signed. Said money orders were later returned to respondents.

On August 16, 1956, appellant, in company with Easter, went to Redmond and removed respondents' personal belongings from the Terra Cruiser and moved it to appellant's premises in Boise. Respondents commenced this action seeking damages for the wrongful conversion of the Terra Cruiser, for the loss of personal belongings and for punitive damages. The jury returned a unanimous verdict awarding respondents $1,802 compensatory damages and $1,400 punitive damages. From a judgment in favor of respondents in the total amount of $3,202, plus costs, this appeal is taken.

Appellant's first assignment of error claims that the verdict is contrary to the law and evidence for the reason that Easter did not have actual or apparent authority to bind appellant to the contract and also that the evidence shows a total failure of consideration on the part of respondent. Respondent Mrs. White testified that during May, 1956, she, in company with an acquaintance, went to appellant's place of business just outside of Boise where she first met appellant; that on said occasion appellant told her that he had an agent by the name of Easter whom he relied on and that they could deal with him; that she had known Mr. Easter since 1949; that later Easter called upon respondents and discussed with them the purchase and sale of a Terra Cruiser and the trade in of the Kozy Coach; that Easter later returned and reported that appellant approved the sale; that Easter delivered the Terra Cruiser and took the Kozy Coach as a down payment about two weeks after their first discussion. Between June 28, 1956 and August 9, 1956, appellant addressed four letters to respondents in which appellant repeatedly refers to the "Terra Cruiser that you purchased from us" and "the balance due us". One of said letters refers to the Kozy Coach that "you used as a down payment on the 1955 Terra Cruiser trailer house that you purchased from us". The following is an excerpt from a letter addressed to respondents under date of July 6, 1956, to wit:

"The finance company did not accept your contract on the 40 ft. Terra Cruiser that you purchased from us, and we would like to know what kind of arrangements you would like to make to pay the balance due us on this unit."

The letters above referred to are convincing that appellant regarded the contract of conditional sale as binding upon respondents as purchasers of the Terra Cruiser and the following excerpt from appellant's testimony is explanatory as to how it happens that he did not actually sign said contract:

"Q. When do you sign a contract?
A. When I present it to the finance company and know they'll take it."

The rule has been repeatedly stated by this Court that where an agent has acted within the apparent scope of his authority and the third party dealing with the agent has relied upon the appearance of authority to such party's detriment, in theory the principal becomes estopped to deny agent's apparent authority to do the particular act or acts in controversy. Manley v. MacFarland, 80 Idaho 312, 327 P.2d 758; Texas Company v. Peacock, 77 Idaho 408, 293 P.2d 949; Stout v. McNary, 75 Idaho 99, 267 P.2d 625; Madill v. Spokane Cattle Loan Co., 39 Idaho 754, 230 P. 45. The authority of the agent to act for and on behalf of his principal does not have to be established by direct or positive proof, but may be inferred from dealings, circumstances, acts and conduct. Stout v. McNary, supra; Carron v. Guido, 54 Idaho 494, 33 P.2d 345; Lightner v. Russell & Pugh Lumber Co., 52 Idaho 616, 17 P.2d 349. The evidence in the instant case is entirely sufficient to justify the jury in concluding that Easter had authority to bind appellant to the contract involved.

Appellant's second contention that there was a failure of consideration which justified appellant to repossess the Terra Cruiser is also untenable. Respondents testified that they thoroughly discussed with Easter the fact that they did not have a certificate of title to the Kozy Coach and that all they could give was a bill of sale. Although there is conflicting evidence concerning the bill of sale which was given Easter at the time of delivery of the Terra Cruiser to respondents it was the province of the jury to decide the question as to whether appellant, through his agent, agreed to accept such title in lieu of a certificate of title. It is proper to note that notwithstanding the contention of appellant that no contract existed between the parties it is nevertheless argued in appellant's brief that:

"Part of the written agreement was the plaintiffs' down payment. When this down payment proved worthless to the defendant, he was certainly within his rights to declare the plaintiffs in default and repossess the Terra Cruiser."

Appellant's contention that the trial court erred in overruling appellant's motion for a directed verdict upon completion

of respondents' case is without merit. Where a party moves for a directed verdict, such motion admits the truth of his adversary's evidence and his adversary is entitled to the benefit of every inference favorable to him which may be drawn legitimately from any evidence before the court at the time the motion is made. Carson v. Talbot, 64 Idaho 198, 129 P.2d 901; Stearns v. Graves, 62 Idaho 312, 111 P.2d 882; Manion v. Waybright, 59 Idaho 643, 86 P.2d 181. The record discloses an abundance of evidence which, if believed, would justify a judgment for respondents.

▆▆▆ Appellant's third assignment of error wherein it is contended that the trial court erred by refusing to admit into evidence the offered agency agreement between appellant and the agent Easter is likewise without merit. The general rule applicable is stated in 2 Am.Jur. 86, as follows:

"Accordingly, stating the rule as one of estoppel, where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption, the principal is estopped as against such third person from denying the agent's authority;

he will not be permitted to prove that the agent's authority was, in fact, less extensive than that with which he apparently was clothed."

It is a general principle of the law of agency, that the principals are bound by the acts of their agents which fall within the apparent scope of the authority of the agents and that the principals will not be permitted to deny the authority of their agents against innocent third parties, who have dealt with those agents in good faith. In the case of Investors' Mortg. Security Co. v. Strauss & Co., Inc., 50 Idaho 562, 298 P. 678, 680, this Court stated:

"The rule is general that a third party dealing with an agent is not bound by restrictions or limitations placed upon the agent of which the third party has no notice."

More directly answering appellant's said contention is the statement of this Court in the case of Harding v. Home Investment Etc. Co., 49 Idaho 64, 286 P. 920, 922, 297 P. 1101, which reads:

"A written stipulation in a contract that an agency is not intended is not binding on third parties if they have been led to believe that an agency exists. Jensen v. Lewis Inv. Co., 39 Neb. 371, 58 N.W. 100. Consequently the contract of the insurance company and the investment company, specifying that, 'in all transactions arising out

of the performance of this agreement, the Correspondent in no instance is to act or shall be authorized to act as agent of the Company,' is not controlling herein."

The several letters which we have hereinbefore referred to are convincing evidence that appellant recognized that a sale of the Terra Cruiser had been accomplished through his agent Easter. The trial court's ruling on the offered exhibit was clearly correct.

The remaining assignments of error complained of are instructions numbered 9 and 11 as given and the court's refusal to give appellant's requested instructions numbered 3, 4, 5, 6 and 7. Instruction number 9 is as follows:

"If you find from the evidence in this case that the defendant either personally or through his agent, J. Scott Easter, if you find from the evidence that the latter was acting as an agent for the defendant, agreed to accept a bill of sale to the Kozy Coach which the plaintiffs were trading in to the defendant as a down payment on the Terra Cruiser, then the defendant waived the right to insist upon a certificate of title to the Kozy Coach."

The appellant erroneously contends that this instruction is prejudicial to appellant for the reason that it infers that a binding contract could have been entered into be-

tween the parties even if the jury found that the agent bargained only for a bill of sale and not a certificate of title. There is no question but that the parties could and evidently did so agree. There is no evidence to support appellant's argument that the Kozy Coach had been stolen and therefore respondents had no title. Testimony of the former owner Elvira I. Hall discloses that possession of the trailer had been turned over to a Mr. Shade pursuant to an oral agreement of sale; the fact that Mr. Shade may not have carried out his part of the agreement does not stamp the trailer as a subject of larceny in the hands of respondents. The giving of instruction number 9 was proper.

Appellant's requested instructions numbered 4, 5, 6 and 7 are predicated upon the theory that respondents had no title to the Kozy Coach and that by trading it in as a down payment on the contract with appellant would entitle appellant to void such contract upon the ground of failure of consideration. Such requested instructions were properly refused.

Appellant does not challange the correctness of instruction number 11 relative to the allowance of punitive damages in a proper case, but it is his contention that the court should have given instead his requested instruction number 3 to the effect that the jury may not allow exemplary or punitive damages in this case. Appellant's

supporting argument is brief and mostly in general terms. The evidence in this case is conflicting upon each material issue and we are unable to say that there is no evidence to support a conclusion by the jury that appellant acted in a deliberate or willful way so as to oppress respondents. There was ample evidence to prove a conversion of the trailer house by appellant and that such conversion took place after appellant knew or should have known that respondents did not receive appellant's letter of August 9th stating appellant's intention to repossess. The evidence is convincing that respondents' rights were substantially invaded and is sufficient to support a conclusion that appellant acted arbitrarily and without regard for respondents' rights and interests. However, having in mind that such damages are not favored and that the allowance of punitive damages should be exercised with caution and within the narrowest limits, we feel that the allowance of $1,400 as punitive damages is out of proportion to the award of compensatory damages sustainable and the acts of appellant complained of. Williams v. Bone, 74 Idaho 185, 259 P.2d 810; 15 Am.Jur. 704.

We therefore conclude that the judgment of $1,802 as compensatory damages and trial costs of $40 should be affirmed and the judgment for $1,400 punitive damages should be reduced to $900 and as so modified the judgment is affirmed. This case is remanded to the trial court with instructions to correct the judgment in accordance with this opinion. No costs are allowed.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.