**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 46027**

AMEY J. NELSON, )
)
   Plaintiff-Appellant, )
)
v. )
)
STEFANI KAUFMAN, ) **Boise, November 2019 Term**
)
   Defendant-Respondent, ) **Opinion Filed: February 13, 2020**
)
and ) **Karel A. Lehrman, Clerk**
)
ANYTIME FITNESS, and AT FITNESS, LLC,)
)
   Defendants. )
)

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Dane H. Watkins, Jr., District Judge.

The order of the district court granting summary judgment is <u>reversed</u>, the judgment entered is <u>vacated</u>, and the case is <u>remanded</u>.

Browning Law, Idaho Falls, for appellant Amey J. Nelson. Allen H. Browning argued.

Elam & Burke, P.A., Boise, for respondent Stefani Kaufman. Jeffrey A. Thomson argued.

_____

STEGNER, Justice.

This case arises from a negligence claim brought by Amey Nelson (Nelson) against Stefani Kaufman (Kaufman), the Idaho Falls Anytime Fitness, and AT Fitness, LLC. Nelson was using a weight machine at the Idaho Falls Anytime Fitness under the direction of Kaufman, a personal trainer, when Nelson injured a metacarpal bone in her hand. Nelson filed suit alleging that Kaufman had improperly instructed her on the machine's use, which caused her injury. The district court granted summary judgment in favor of Kaufman, holding that Kaufman was an express or apparent agent of Anytime Fitness and therefore released from liability under the terms of the Member Assumption of Risk and Release form Nelson signed when she joined the

1

gym. Nelson unsuccessfully moved for reconsideration. She now brings this timely appeal. For the reasons set out below, we reverse the district court's grant of summary judgment and remand for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background.

Nelson became a member of the Idaho Falls Anytime Fitness on January 29, 2014. When she joined, she signed a membership agreement containing a "Membership Assumption of Risk and Release" provision (Membership Agreement). Sometime after joining the gym, Nelson saw a notice posted on a whiteboard at the gym which advertised a "circuit class" to be taught by a trainer. She decided to attend, and went to her first class on March 24, 2014. There, Nelson met Kaufman, a personal trainer who had been contracted by Anytime Fitness to teach the circuit class. The circuit class included instruction on new equipment at the gym, including a triceps press machine with adjustable handles. Kaufman instructed Nelson how to use the machine and adjust the handles. Nelson then used the machine, pushing the handles down before her left hand slipped off the handle. Her left hand was then either struck by the left handle as it flipped over, or her left hand struck the machine. This impact fractured Nelson's fifth metacarpal bone of her left hand. Nelson needed surgery requiring the placement of a plate and screws to realign and stabilize the bone. She then underwent a subsequent surgery to remove the plate and screws.

### B. Procedural History.

On March 24, 2016, Nelson filed suit against Kaufman, AT Fitness, LLC, and Anytime Fitness. Nelson alleged that Kaufman had negligently instructed her on the use of the triceps press, and that this negligence caused her injury. On May 2, 2016, AT Fitness, LLC, filed its answer to the complaint. Nelson was unable to serve Kaufman with process. Ultimately, Kaufman, who had moved to New Mexico, was served by publication.

On April 19, 2017, AT Fitness, LLC, moved for summary judgment. In support of its motion, AT Fitness submitted the affidavit of Tayson Webb, a member of AT Fitness.[1] The district court granted this motion on July 7, 2017, on the grounds that AT Fitness had been released from liability by the Membership Agreement Nelson had signed when she joined the gym.[2]

---

[1] Webb's affidavit describes Kaufman as an "independent contractor" of AT Fitness. There is no written contract between AT Fitness and Kaufman in the record.

[2] Nelson has not appealed this portion of the district court's judgment.

On July 28, 2017, Kaufman filed her answer, asserting among other defenses that Nelson's action was "barred by reason of [Nelson's] release of Kaufman." On September 11, 2017, Kaufman moved for summary judgment. On November 2, 2017, the district court heard arguments and then ruled from the bench. The district court granted Kaufman's motion for summary judgment on the ground that Kaufman was an agent of AT Fitness and therefore released from liability by the specific terms of the Membership Agreement Nelson had signed.

On November 17, 2017, Nelson moved for reconsideration. After hearing arguments, the district court again ruled from the bench, this time denying Nelson's motion for reconsideration. The district court later issued a bench memorandum reducing this ruling to writing. Nelson timely appeals.

## II.    STANDARD OF REVIEW

"On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion." *Samples v. Hanson*, 161 Idaho 179, 181–82, 384 P.3d 943, 945–46 (2016) (quoting *Arregui v. Gallegos–Main*, 153 Idaho 801, 804, 291 P.3d 1000, 1003 (2012)).

"Summary judgment is proper 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* at 182, 384 P.3d at 946; *see also* I.R.C.P. 56(a). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Lapham v. Stewart*, 137 Idaho 582, 585, 51 P.3d 396, 399 (2002) (citing *Morrison v. Young*, 136 Idaho 316, 32 P.3d 1116 (2001)).

"Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party." *Hoffman v. Bd. of the Local Improvement Dist. No. 1101*, 163 Idaho 464, 468, 415 P.3d 332, 336 (2017) (quoting *Fuller v. Callister*, 150 Idaho 848, 851, 252 P.3d 1266, 1269 (2011)). "However, the nonmoving party cannot rely on mere speculation, and a scintilla of evidence is insufficient to create a genuine issue of material fact." *Id.* (quoting *Bollinger v. Fall River Rural Elec. Co-op., Inc.*, 152 Idaho 632, 637, 272 P.3d 1263, 1268 (2012)).

"When the district court grants summary judgment and then denies a motion for reconsideration, 'this Court must determine whether the evidence presented a genuine issue of

material fact to defeat summary judgment.' This means the Court reviews the district court's denial of a motion for reconsideration de novo." *Sales v. Peabody*, 157 Idaho 195, 199, 335 P.3d 40, 44 (2014) (alteration in original omitted) (quoting *Bremer, LLC v. E. Greenacres Irrigation Dist.*, 155 Idaho 736, 744, 316 P.3d 652, 660 (2013)).

## III.   ANALYSIS

**A. Nelson has not waived her appeal by failing to specifically challenge the district court's finding of an express agency relationship.**

At the summary judgment motion hearing, the district court identified two dispositive issues: whether Kaufman was an agent of Anytime Fitness, and whether the Membership Agreement barred Nelson's claim against Kaufman. In ruling on the first issue, the district court described the three agency relationships that may exist: express, implied, and apparent. The district court found that Kaufman "possessed both actual and apparent authority from Anytime Fitness to conduct the circuit training class at Anytime Fitness' facility."[3] As a result, the district court found that the terms of the Membership Agreement released Kaufman from liability.

Nelson argues in her opening brief that (1) Kaufman is an independent contractor, not an agent; (2) that the district court did not have the power to find that an agency relationship existed; and (3) that the apparent agency doctrine should not be applied defensively in Idaho.[4] In response, Kaufman argues that Nelson has failed to challenge all of the district court's grounds for granting summary judgment. In particular, Kaufman argues that Nelson has not challenged the district court's finding of express agency, and has not challenged that the Membership Agreement applied to Kaufman as an express agent. Kaufman argues this failure is fatal to Nelson's appeal.

> [W]hen a district court grants summary judgment on multiple independent grounds, the appellant must successfully challenge all of those grounds to prevail on appeal. . . . [I]f an appellant fails to contest all of the grounds upon which a district court based its grant of summary judgment, the judgment must be affirmed.

---

[3] As we observed in *Jones v. HealthSouth Treasure Valley Hospital*, 147 Idaho 109, 113 n.4, 206 P.3d 473, 477 n.4 (2009), "authority" and "agency" may be used interchangeably when applying the Restatement (Third) of Agency. There are three types of agency: express, implied, and apparent. *Id.* at 112, 206 P.3d at 476. The *type* of authority or agency with which an individual acts for another may vary based on the act undertaken.

[4] We have recognized that apparent agency may be used offensively—that is, by a plaintiff seeking to hold the principal liable for actions of an apparent agent, even if there is otherwise no express or implied agency. *See Jones*, 147 Idaho at 114, 206 P.3d at 478. Conversely, Kaufman seeks to use the status of apparent agent *defensively* as a means of being covered by the terms of the Membership Agreement.

*Lee v. Litster*, 161 Idaho 546, 549–50, 388 P.3d 61, 64–65 (2017) (internal quotations omitted) (quoting *AED, Inc. v. KDC Invs., LLC*, 155 Idaho 159, 164, 307 P.3d 176, 181 (2013)). "[A]n appeal must be grounded in relevant argument and authority to be considered by this Court." *Estate of Ekic v. Geico Indem. Co.*, 163 Idaho 895, 898, 422 P.3d 1101, 1104 (2018) (citing *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010)). "A general attack on the findings and conclusions of the [trial] court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue." *Id.* (alteration in original).

Here, Nelson has contested the district court's finding of express agency such that her appeal is not waived. She has challenged the power of the district court to make a finding as to both express and implied agency. Nelson has also challenged the adequacy of the record to support this finding as a matter of law at summary judgment, at which Anytime Fitness characterized Kaufman as an independent contractor. These arguments refer to specific evidentiary or legal errors, and these alleged errors are sufficient to preserve her challenge to the district court's finding of express agency. *See Estate of Ekic*, 163 Idaho at 898, 422 P.3d at 1104. Accordingly, Nelson has not waived her appeal by failing to specifically challenge the finding of express agency in her opening brief.

**B. The district court erred in granting summary judgment to Kaufman on the basis that Kaufman was an express agent of Anytime Fitness.**

The district court found that Kaufman was an express and apparent agent of Anytime Fitness. The district court then used this legal designation to find that Kaufman was covered by the specific terms of the Membership Agreement. On appeal, Nelson contends that the district court did not have the power to find an agency relationship. Nelson further argues that Anytime Fitness's characterization of Kaufman as an "independent contractor" precludes Kaufman's argument that she is an agent of Anytime Fitness. Nelson also asserts that Kaufman has not met her burden at summary judgment to establish that she was an express or apparent agent of Anytime Fitness.

Accordingly, there are three inquiries for this Court: (1) whether the district court had the power to make an affirmative finding of an agency relationship, (2) whether the legal status of "independent contractor" is mutually exclusive with the legal status of "agent," and (3) whether Kaufman has met her burden at summary judgment to establish that she was an agent of Anytime Fitness.

5

1. A district court has the power to make a finding of an agency relationship at summary judgment if the movant can show an absence of genuine issue of material fact as to the existence of an agency relationship.

As a preliminary matter,

> "[t]his Court has previously viewed the question of whether an agency relationship exists as a question of fact for the jury to determine." [*Humphries v. Becker*, 159 Idaho 728, 735 n.2, 366 P.3d 1088, 1095 n.2 (2016)]. But, to be clear, "[w]hether facts sufficient to constitute an agency relationship exist is indeed a question of fact for the jury, however, whether a given set of facts are sufficient to constitute an agency relationship is a question of law appropriate for this Court's consideration." *Id.*

*Forbush v. Sagecrest Multi Family Prop. Owners' Ass'n, Inc.*, 162 Idaho 317, 330, 396 P.3d 1199, 1212 (2017). Accordingly, a district court may, as a matter of law, make a preliminary finding that there are insufficient facts to constitute an agency relationship. *Id.* In other words, a district court may preliminarily find that no facts suggest an agency relationship exists.

The inverse holds true as well: a district court may make a finding that the evidence is undisputed that an agency relationship exists, because at the summary judgment stage, whether there is a genuine issue of material fact is a decision for the court. *Lapham*, 137 Idaho at 585, 51 P.3d at 399. Whether an agency relationship is "disputed" depends on the facts in evidence, and a district court may decide whether there is sufficient evidence making the existence of agency "a disputed question of fact" and thus within the province of the jury. *See, e.g.*, *Thornton v. Budge*, 74 Idaho 103, 108, 257 P.2d 238, 241 (1953) ("If it be thought that there was no conflict in the evidence, then it was the duty of the court to instruct the jury that the relationship was that of principal and agent. If the existence or non-existence of agency was a disputed question of fact it was for the jury.").

To be sure, "[s]ummary judgment must be denied 'if the evidence is such that conflicting inferences may be drawn therefrom, and if reasonable people might reach different conclusions.'" *Cumis Ins. Soc'y, Inc. v. Massey*, 155 Idaho 942, 946, 318 P.3d 932, 936 (2014) (quoting *Olsen v. J.A. Freeman Co.*, 117 Idaho 706, 720, 791 P.2d 1285, 1299 (1990)); *see also Bailey v. Ness*, 109 Idaho 495, 498, 708 P.2d 900, 903 (1985) (italics in original) (citations omitted) ("[W]here the existence of an agency relationship is disputed—whether or not there is apparent authority on the agent's part to act as he acted—*it is a question for the trier of fact* to resolve from the evidence.").

Here the district court had the power to make a finding that there was no genuine issue of material fact as to the existence of an express or apparent agency relationship. However, for the reasons set forth below, while the district court had the *power* to make such a finding, the district court erred in concluding that no genuine issue of material fact existed as to establish an express agency relationship.

2. The legal status of "independent contractor" is not mutually exclusive of the legal status of "agent," but these statuses only overlap in very specific circumstances where the essential characteristics of the agency relationship are established.

When Anytime Fitness moved for summary judgment, it submitted the affidavit of Tayson Webb, a member of AT Fitness. This affidavit stated that "on the date of the subject accident Stefani Kaufman was an independent contractor trainer offering services at AT Fitness, LLC's club." When Kaufman moved for summary judgment, she asserted that she was an agent of AT Fitness "because AT Fitness hired her to teach" the circuit training class. In response, Nelson argued that because Anytime Fitness identified Kaufman as an independent contractor, Kaufman could not simultaneously be an *agent* because the two legal statuses are mutually exclusive. The district court disagreed, reasoning that the determination that Kaufman was an independent contractor "does not preclude a determination that Anytime Fitness vested Kaufman with both express and apparent authority[.]"

On appeal, Nelson has argued that the two legal statuses, "independent contractor" and "agent," are mutually exclusive: Kaufman can be an "independent contractor" or an "agent," but not both. Nelson argues further that the district court failed to acknowledge that Kaufman was an independent contractor as set out in Webb's affidavit. Kaufman has responded, citing the Second Restatement of Agency for the proposition that an independent contractor "may or may not be an agent." *See* Restatement (Second) of Agency § 2(3).

The terms "independent contractor" and "agent" describe the legal status of an actor. They carry significant and discrete connotations, depending on the area of law in which they are used. For example, in tort law, an entity is generally "immune from liability for the negligence of an independent contractor, or that of [the independent contractor's] employees, in the performance of the contracted services." *Jones*, 147 Idaho at 113, 206 P.3d at 477 (quotation marks omitted). Likewise, "[c]overage under Idaho's workers' compensation laws depends on the existence of an employer-employee relationship"; accordingly, in this context, a finding that a worker is an independent contractor rebuts a finding that the worker is an employee. *Shriner v.*

7

*Rausch*, 141 Idaho 228, 231, 108 P.3d 375, 378 (2005) (citation omitted). Further, in the field of contract law, an agent may bind a principal. *Huyett v. Idaho State Univ.*, 140 Idaho 904, 908, 104 P.3d 946, 950 (2004).

Idaho case law has contributed to the confusion surrounding the terms "independent contractor" and "agent." *See, e.g.*, *Moreland v. Mason*, 45 Idaho 143, 150, 260 P. 1035, 1037 (1927) ("The distinction between an independent contractor and an agent is not always easy to determine, and there is no uniform criterion by which they can be differentiated."). Our civil jury instructions have only added to this confusion, albeit without clear support. *See* IDJI 6.40.6 ("An independent contractor is not an agent."). Further, the factors we have examined in determining if a worker is an independent contractor are similar to those we have examined in deciding if an agency relationship exists, such as the amount of control exercised over the worker. *Compare Shriner*, 141 Idaho at 231, 108 P.3d at 378, *with Forbush*, 162 Idaho at 331, 396 P.3d at 1213 (alteration in original) ("We have long instructed that the 'important factor is the control or right of control reserved by the [principal] over the functions and duties of the agent.'") (citation omitted).

Notwithstanding this confusion, we have cited the Restatement (Second) of Agency for the proposition that an independent contractor "may or may not be an agent." *Walton v. Potlatch Corp.*, 116 Idaho 892, 896–97, 781 P.2d 229, 233–34 (1989) (quoting Restatement (Second) of Agency § 2(3)). However, before today we have not examined *when* these legal statuses overlap.

The Restatement (Second) of Agency identifies three "essential characteristics" of the principal-agent relationship: (1) the agent's power to alter legal relations between the principal and third persons, (2) a fiduciary duty owed by the agent to the principal to act primarily for the principal's benefit in matters connected with her undertaking, and (3) the principal's right to control the physical conduct of the agent. *See* Restatement (Second) of Agency §§ 12–14. Because the physical conduct of an independent contractor generally is *not* subject to another's control, an independent contractor will only be considered an agent in very limited circumstances. *See id.* at § 14N. These limited circumstances exist when the contractor is a fiduciary owing the purported principal "the basic obligations of agency: loyalty and obedience." *Id.* at § 14N cmt. a. Classic examples of this limited overlap of legal statuses include brokers, factors, attorneys, collection agencies, and selling agencies. *See id.*; Restatement (Second) of Agency § 1 cmt. e; *see also* 41 Am. Jur. 2d *Independent Contractors* § 2 (2019).

Accordingly, while it is clear that in certain circumstances an independent contractor may also be considered an agent, saying one is an agent does not make it so. Where, as here, the purported principal (Anytime Fitness) states that the purported agent (Kaufman) is an independent contractor, the purported agent must establish that she fits into the narrow set of circumstances where these legal statuses overlap. At the very least, she must establish the essential characteristics of the principal-agent relationship.

      3.  <u>The district court erred in granting summary judgment to Kaufman on the basis that Kaufman was an express agent of Anytime Fitness because Kaufman has not met her burden at summary judgment in establishing the essential characteristics of an agency relationship.</u>

The district court held that there was no genuine issue of material fact establishing that "Anytime Fitness vested Kaufman with both express and apparent authority as its agents [sic]." On appeal, Nelson argues that "there is no factual basis or evidence of any type of agency authority" as to Kaufman, and points out that Kaufman never provided "any agreement between herself and [Anytime Fitness] showing any such agency." In response, Kaufman has not squarely addressed the record with respect to express agency, continuing to rely on the finding of apparent agency.

As discussed above, the legal status of an independent contractor is not necessarily mutually exclusive with the legal status of an agent. However, where an individual is described by a purported principal as an "independent contractor" and that individual claims that she is also an agent, she must show that her relationship with the purported principal fits into the narrow set of circumstances occupied by "brokers, factors, attorneys, collection agen[ts], and selling agen[ts]." *See* Restatement (Second) of Agency § 14N cmt. a. At a minimum, the purported agent must show the essential characteristics of an agency relationship: (1) the agent's power to alter legal relations between the principal and third persons, (2) a fiduciary duty owed by the agent to the principal to act primarily for the principal's benefit in matters connected with her undertaking, and (3) the principal's right to control the physical conduct of the agent. *See* Restatement (Second) of Agency §§ 12–14. Further, "[e]xpress authority is articulated between the parties." *Podolan v. Idaho Legal Aid Servs., Inc.*, 123 Idaho 937, 944, 854 P.2d 280, 287 (Ct. App. 1993).

> The declarations of an alleged agent, standing alone, are insufficient to prove that the principal has conferred such authority. *Clark v. Gneiting,* 95 Idaho 10, 501 P.2d 278 (1972). However, the authority of the agent to act for and on behalf of

his principal does not have to be established by direct or positive proof, but may be inferred from dealings, circumstances, acts and conduct. *White v. Doney,* 82 Idaho 217, 221, 351 P.2d 380, 382 (1960).

*Muniz v. Schrader*, 115 Idaho 497, 500, 767 P.2d 1272, 1275 (Ct. App. 1989).

When Kaufman moved for summary judgment, she asserted that she was an agent "because [Anytime Fitness] hired her to teach the [circuit training] class." She pointed to her own affidavit, asserting that she had been asked by a gym manager if she would be interested in teaching the circuit training class to familiarize patrons with the gym equipment. Kaufman also stated that AT Fitness had scheduled the times and dates of the circuit training class, and that Anytime Fitness, not Nelson, had compensated her. However, Kaufman never provided a contract governing the terms of her relationship with Anytime Fitness, even though the only evidence provided by Anytime Fitness characterizes Kaufman as an "independent contractor."

Drawing all reasonable inferences in favor of Nelson, Kaufman has not met her burden at summary judgment to establish that her relationship with Anytime Fitness bears the essential characteristics of an express agency. First, Kaufman has not established that she falls within the narrow set of circumstances where an independent contractor is also an agent. Clearly Kaufman is not a broker, factor, attorney, collection agent, selling agent, or the like for Anytime Fitness. Further, the extent of evidence that Kaufman has presented about the nature of her agreement with Anytime Fitness is scant, and the essential characteristics of an agency relationship are not clearly present. There is no indication that Kaufman was granted the power to alter the legal relations between Anytime Fitness and Nelson. Likewise, there is no indication that Kaufman owed any particular fiduciary duty to Anytime Fitness. Undoubtedly Kaufman taught *at* the Anytime Fitness gym and *to* gym patrons, but the record is unclear to what extent Anytime Fitness dictated *how* Kaufman provided her services, other than Anytime Fitness' characterization of Kaufman as an independent contractor.

Kaufman has stated several times that the evidence she provided establishes that she is an express agent, but saying this does not make it so. There are many unanswered questions about the relationship between Anytime Fitness and Kaufman. Kaufman has not provided the terms of her agreement with Anytime Fitness. *See Podolan*, 123 Idaho at 944, 854 P.2d at 287. Instead, Kaufman relies on her own report and affidavit for the "dealings, circumstances, acts and conduct" to establish an agency relationship, but "different reasonable interpretations may be drawn from the evidence," and consequently "the question of the nature and extent of the

authority of an agent is one of fact to be determined by the trier of fact." *Muniz*, 115 Idaho at 500–01, 767 P.2d at 1275–76 (citations omitted). Summary judgment is improper when the existence of an express agency relationship is unclear and based on the conclusory statements of the purported agent. A jury must decide this question. *Forbush*, 162 Idaho at 330, 396 P.3d at 1212. Because there is still a question of fact as to whether she was an express agent of Anytime Fitness, rather than an independent contractor providing services for Anytime Fitness, the district court erred by granting Kaufman's motion for summary judgment on the basis that Kaufman was an express agent of Anytime Fitness.

**C. The district court erred in applying the apparent agency doctrine defensively to find that Kaufman was covered by the specific terms of the Membership Agreement.**

After finding that the undisputed evidence established an agency relationship—either express or apparent—the district court held that the terms of the Membership Agreement shielded Kaufman from liability. Because the district court erred in finding that Kaufman was an express agent, we only address the applicability of the Membership Agreement to Kaufman as an apparent agent. For the reasons set out below, the district court erred as a matter of law by applying the doctrine of apparent agency defensively; accordingly, we need not decide if the district court erred in finding that an apparent agency relationship existed.

Here, the exculpatory clause in the Membership Agreement that the district court held applied to Kaufman reads as follows:

> I HEREBY RELEASE, INDEMNIFY, AND HOLD HARMLESS Anytime Fitness, LLC and its affiliates, ABC Financial Services, INC., AND THE OWNERS OF ALL CLUBS WITHIN THE ANYTIME FITNESS SYSTEM, as well as all sponsors and advertisers, and <u>all owners and lessors of the premises of such clubs, and their respective officers, affiliates, agents and employees</u> WITH RESPECT TO ANY AND ALL INJURY, DISABILITY, DEATH, LOSS OR DAMAGE to person or property that may arise out of or in connection with my use of any of the equipment products and machines or the facilities of the CLUB of any other Anytime Fitness club, or any incident that occurs while using such facilities, or otherwise related to my membership.

On appeal, Nelson has attacked the application of an apparent agency relationship to shield Kaufman under this agreement. According to Nelson, apparent authority should only be used to establish a principal's liability, not to extend protection to the apparent agent that would otherwise be unavailable. Nelson argues that such a defense does not exist in law "anywhere in the nation." Kaufman in turn argues that the district court's finding of apparent authority

"establish[ed] the relationships between AT Fitness and Kaufman[,]" and that the Membership Agreement itself served as the "shield."

It is an issue of first impression before this Court whether the apparent agency doctrine can be applied to protect a purported apparent agent under the terms of an agreement releasing the principal and its agents from liability. Apparent authority is "the power held by an agent or other actor to affect a principal's legal relations with third parties when a third party reasonably believes the actor has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations." Restatement (Third) of Agency § 2.03 (2006). In other words, apparent authority is a means of holding a principal accountable even when express or implied authority does not exist. *Id.* at § 2.03 cmt. c.

Accordingly, in Idaho, apparent authority allows "innocent third parties" to hold the principal liable for tortious conduct or to bind the principal under a contract due to actions or omissions of the agent. *See White*, 82 Idaho at 222, 351 P.2d at 383. We have never used the doctrine of apparent authority to allow purported agents to claim the protection of a hold-harmless agreement and we are not aware of any court in the nation which allows such use. In fact, such use of the doctrine has been soundly rejected by several trial and appellate courts. *See Giese v. Bay Area Health Dist.*, 790 P.2d 1198, 1200 (Or. Ct. App. 1990); *Bridge ex rel. Severson v. Carver*, 941 P.2d 1039, 1041 (Or. Ct. App. 1997); *Powers v. Mukpo*, 12 Mass. L. Rptr. 517, *6 (Mass. Super. Ct. 2000) (trial court order denying summary judgment). These courts rely on the underlying policy of apparent authority—protecting innocent third parties—as foreclosing its use by allegedly negligent apparent agents. In *Powers*, for example, the trial court was asked by a defendant to find that she was an apparent agent and therefore covered by the terms of a release form; the trial court rejected this argument and noted that apparent authority "is used to create liability on the part of a principal, not to protect an agent." *Powers*, 12 Mass. L. Rptr. at *6 (citing *Linkage Corp. v. Trs. of Boston Univ.*, 679 N.E.2d 191, 203 (Mass. 1997)). The Oregon Court of Appeals observed that "[t]he underlying policy of apparent authority does not suggest" its use as a "shield from liability." *Giese*, 790 P.2d at 1200.

Apparent authority is not a two-way street. It does not provide an apparent agent an escape from liability. The protective principle of the apparent agency doctrine would be violated by using the doctrine to exculpate apparent agents. Therefore, the district court erred in making this finding to include Kaufman within the terms of the Membership Agreement. We hold that

the apparent agency doctrine may not be applied in this manner. Because the district court concluded that Kaufman was entitled to summary judgment as a matter of law because of the application of the Membership Agreement, the order entering summary judgment against Nelson is reversed.

## IV.    CONCLUSION

For the foregoing reasons, we reverse the district court's summary judgment order and remand the case for further proceedings because the district court erred in concluding that the undisputed facts established an express agency relationship, and because the district court erred as a matter of law in applying the apparent agency doctrine to protect Kaufman from liability.

Neither party requested attorney fees. Costs are awarded to Nelson as the prevailing party on appeal pursuant to I.A.R. 40(a).

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER CONCUR.